**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

MICHAEL PARSONS,

Plaintiff, No.

v.

HYATT HOTELS CORPORATION d/b/a DREAMS ONYX RESORT & SPA; HYATT CORPORATION d/b/a DREAMS ONYX RESORT & SPA; APPLE LEISURE GROUP d/b/a DREAMS ONYX RESORT & SPA; DREAMS ONYX RESORT & SPA c/o HYATT HOTELS CORPORATION and HYATT CORPORATION; and APPLE LEISURE GROUP, a Division of HYATT CORPORATION and HYATT HOTELS CORPORATION,

Defendants.

**DEFENDANTS' NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that Hyatt Hotels Corporation (improperly named as "Hyatt Hotels Corporation d/b/a Dreams Onyx Resort & Spa") and Hyatt Corporation (improperly named as "Hyatt Corporation d/b/a Dreams Onyx Resort & Spa") (collectively, "Defendants"), pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, hereby remove this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania. In support of this Notice of Removal, Defendants state as follows:

## I. THE STATE COURT ACTION

1. On September 16, 2026, Plaintiff Michael Parsons ("Plaintiff") filed a negligence complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, captioned *Michael Parsons v. Hyatt Hotels Corporation, et al.*, Case ID No. 260901973 (the "State Court Action"). The Complaint was reinstated on October 16, 2026. A copy of the operative Complaint, including any exhibits and notices to plead, is included in Exhibit A. A copy of the docket in the State Court

Action, together will all other process, pleadings, and orders, is attached hereto as Exhibit B.

2. Undersigned counsel represents and appears on behalf of Hyatt Hotels Corporation and Hyatt Corporation. Plaintiff styles Apple Leisure Group as a separate legal entity and as "A Division of Hyatt Corporation and Hyatt Hotels Corporation." Defendants dispute that styling and do not admit that Apple Leisure Group is a separately organized legal entity. "Dreams Onyx Resort & Spa" is the name of a resort property, and Defendants likewise do not admit that it denotes a separately organized legal entity.

3. The Complaint identifies Plaintiff at an Oreland, Pennsylvania address and alleges that Plaintiff resides in Pennsylvania. Compl. ¶ 1. Hyatt Hotels Corporation and Hyatt Corporation are each Delaware corporations with their principal places of business in Illinois.

## II. PLAINTIFF'S ALLEGATIONS AND REQUESTED RELIEF

4. Plaintiff alleges that, on August 6, 2025, he slipped on standing water outside Room 7238 in Building 7 at the Dreams Onyx Resort & Spa in Punta Cana, Dominican Republic, and sustained injuries. Compl. ¶¶ 10–11.

5. The Complaint asserts four negligence counts: Count I against Hyatt Hotels Corporation; Count II against Hyatt Corporation; Count III against Apple Leisure Group; and Count IV against Dreams Onyx Resort & Spa. Compl. ¶¶ 24–67.

6. Plaintiff alleges injuries, past and future medical care and expenses, past and future financial and economic loss, physical and mental impairment, pain, mental anguish and emotional distress, loss of life's pleasures, and continuing limitations and restrictions. Compl. ¶¶ 32–34, 43–45, 54–56, 65–67.

7. Each of the four counts contains its own prayer for relief seeking "a sum not in excess of $50,000," together with such other relief as the court deems appropriate. Compl. ¶¶ 24–67.

8. Defendants dispute Plaintiff's allegations, deny liability and damages, and reserve all defenses.

## III. REMOVAL IS PROCEDURALLY PROPER

9. This Court is the proper district for removal because the State Court Action is pending in Philadelphia County, within the Eastern District of Pennsylvania. 28 U.S.C. §§ 118(a), 1441(a), 1446(a).

10. This Notice is timely pursuant to 28 U.S.C. § 1446(b). The record in the State Court Action (*see* Exhibit B) includes affidavits purporting to reflect certified-mail service on Hyatt Hotels Corporation and "Dreams Onyx Resort & Spa." The accompanying return receipts do not state delivery dates, identify the recipients by printed name, or indicate whether the signers were authorized to accept service. The materials addressed to Hyatt Corporation contain no affidavit of service or completed return receipt. Defendants remove this action without conceding that proper service has been effectuated on any Defendant and expressly preserve all objections concerning service of process.

11. A copy of the Complaint, including its attachments, is attached hereto as Exhibit A. The state court docket and all other process, pleadings, and orders in the State Court Action are attached hereto as Exhibit B.

12. Hyatt Hotels Corporation and Hyatt Corporation expressly join in and consent to this removal. Because "Apple Leisure Group" and "Dreams Onyx Resort & Spa" do not denote separate legal entities, no separate consent from either is required. Moreover, the state-court record does not establish that any other named defendant has been properly joined and served. *See* 28 U.S.C. § 1446(b)(2)(A).

13. Defendants will promptly provide written notice of removal to Plaintiff's counsel and file a copy of this Notice with the Court of Common Pleas of Philadelphia County under 28

U.S.C. § 1446(d).

## IV. THIS COURT HAS DIVERSITY JURISDICTION

14. Federal district courts have original jurisdiction over civil actions between citizens of different States when the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Both requirements are met here.

### A. Complete Diversity Exists.

15. On information and belief, Plaintiff was domiciled in Pennsylvania at the commencement of the State Court Action and is domiciled in Pennsylvania as of the date of removal. *See* Compl. ¶ 1. Plaintiff therefore is a citizen of Pennsylvania for purposes of 28 U.S.C. § 1332(a).

16. Hyatt Hotels Corporation is incorporated under the laws of Delaware and maintains its principal place of business in Illinois. Hyatt Corporation likewise is incorporated under the laws of Delaware and maintains its principal place of business in Illinois. Each is therefore a citizen of Delaware and Illinois. 28 U.S.C. § 1332(c)(1).

17. "Apple Leisure Group" is not a corporation, limited liability company, partnership, or other separately organized legal entity. "Dreams Onyx Resort & Spa" is the name of a resort property and/or brand, not a corporation, limited liability company, partnership, or other separately organized legal entity. Neither name possesses citizenship.

18. Complete diversity exists because Plaintiff is a citizen of Pennsylvania and each legal entity defendant is a citizen of Delaware and Illinois. No properly joined and served defendant, nor any separately organized legal entity named in the Complaint, is a citizen of Pennsylvania. Accordingly, removal is not barred by 28 U.S.C. § 1441(b)(2).

### B. The Amount in Controversy Exceeds $75,000.

19. A notice of removal need only plausibly allege that the amount-in-controversy

requirement is satisfied, with proof by a preponderance of the evidence required if the plaintiff contests or the court questions that allegation. 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87–89 (2014).

20. Plaintiff pleads four separate negligence counts, each containing a separate prayer for relief of up to $50,000. The Complaint does not state that these prayers are pleaded in the alternative or that $50,000 constitutes an aggregate limitation on Plaintiff's recovery. Nor has Plaintiff stipulated that the total amount of damages sought in this action does not exceed $75,000.

21. Moreover, even if the four prayers are treated as alternative claims concerning a single injury, the face of the Complaint places more than $75,000 in controversy. Pennsylvania practice permits recovery beyond the monetary amount stated in a compulsory-arbitration pleading following a trial de novo, and the state-court record contains no binding stipulation limiting Plaintiff's total recovery to $75,000 or less. See 28 U.S.C. § 1446(c)(2)(A)(ii). Given the alleged injuries and broad categories of past and future economic and noneconomic damages Plaintiff affirmatively alleges, Defendants plausibly allege that the value of the relief placed in controversy exceeds $75,000, exclusive of interest and costs.

22. These jurisdictional allegations do not admit that Plaintiff is entitled to any recovery, that the Complaint states distinct recoverable injuries under each count, or that Plaintiff may obtain more than one satisfaction for the same alleged injury. Defendants deny liability, damages, causation, and any entitlement to duplicative recovery.

## V. NOTICE AND RESERVATION OF RIGHTS

23. Removal does not waive, and Defendants expressly preserve, every defense, objection, and argument, including defenses concerning service of process, personal jurisdiction, venue, party capacity, misnomer, failure to state a claim, causation, damages, and any defense available under Federal Rule of Civil Procedure 12 or other applicable law.

## VI. CONCLUSION

24. For these reasons, Defendant Hyatt Hotels Corporation and Hyatt Corporation, through undersigned counsel, hereby remove this action to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446.

Dated: November 24, 2026

Respectfully submitted,

*/s/ Peter G. Siachos*
Peter G. Siachos (PA I.D. 318250)
GORDON REES SCULLY MANSUKHANI, LLP
677 King Street, Suite 450
Charleston, SC 29403
psiachos@grsm.com
Telephone: (843) 714-2505
Facsimile: (843) 804-4691

Clair E. Wischusen (PA I.D. 306752)
GORDON REES SCULLY MANSUKHANI, LLP
277 S. Washington Street, Suite 550
Alexandria, VA 22314
cwischusen@grsm.com
Telephone: (703) 650-7030
Facsimile: (202) 800-2999

*Attorneys for Defendants, Hyatt Hotels Corporation and Hyatt Corporation*